1   Matthew A. Paré, Esq., California State Bar No.: 258434
**LAW OFFICE OF MATTHEW PARE, APC**
2   823 Anchorage Place, Suite 101
Chula Vista, CA 91914
3   Phone: (619) 869-4999
Fax: (619) 754-4581
4   e-mail: mattparelawca@gmail.com

5

6

7

8

9               **UNITED STATES DISTRICT COURT**

10        **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

11   J & J SPORTS PRODUCTIONS, INC.,          )   Case No.: 2:14-cv-07015-WDK-PLA
                                             )
12            Plaintiff,                      )   **OPPOSITION TO PLAINTIFF'S MOTION**
                                             )   **FOR SUMMARY JUDGMENT;**
13   vs.                                      )   **DECLARATIONS OF PETER POLITIS**
                                             )   **AND ATTORNEY MATTHEW A. PARE,**
14   PETER POLITIS, individually and d/b/a    )   **WITH EXHIBITS; AND STATEMENT OF**
     BRIX PIZZA,                              )   **GENUINE DISPUTES, FILED**
15                                            )   **CONCURRENTLY**
              Defendant.                      )
16                                            )   Date: Monday, September 14, 2015
                                             )   Time: 10:00 a.m.
17                                            )   Judge:  Honorable William D. Keller
                                             )   Courtroom: 1600
18   —————————————————————————— )

19

20   COMES NOW defendant Peter Politis, individually and d/b/a Brix Pizza, by and through his

21   attorney of record, who respectfully submits this opposition to plaintiff J & J Sports Productions,

22   Inc.'s motion for summary judgment.

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

1   <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2   <u>**I.**</u>

3   <u>**INTRODUCTION AND FACTUAL BACKGROUND**</u>

4        Defendant is not opposed to summary judgment being entered in this case, but it should be

5   entered in his favor, not in favor of plaintiff.   Defendant will be filing his own motion requesting

6   summary judgment as well.  This case stems from the exhibition of a television program,

7   specifically "The One" Floyd Mayweather, Jr. v. Saul Alvarez WBC Light Middleweight

8   Championship Fight Program, on Saturday, September 14, 2013, at a small pizza place.  The

9   plaintiff in this action, J & J Sports Productions, Inc. alleges that it has the exclusive closed circuit

10  commercial distribution rights to the subject television program, and defendant did not pay J & J

11  Sports Productions, Inc. for the rights to show the subject television program but nevertheless

12  exhibited it in the place of business.  Plaintiff further alleges that defendant willfully and

13  intentionally stole the TV signal and did so for the purpose of commercial advantage or private

14  financial gain.

15       To keep things in perspective, even according to the plaintiff's investigator there were only

16  12 people there during the alleged exhibition, with no cover charge or advertising for the fight

17  program.  There is also not even a liquor license for this establishment and they just sell food and

18  non-alcoholic beverages, primarily to go.  Defendant is also not a repeat offender.  There was only

19  $60.00 worth of sales at the time of the event on TV, and mostly family members present.  There

20  was no intent to profit by showing this program, and no actual profit.  Overall, the defendant

21  establishment reasonably relied upon the TV signal provider to provide a lawful TV signal and

22  charge the correct price.  This was a reasonable expectation because there was a professional

23  installation of the TV equipment and account, and no moving of equipment or altering equipment

24  in any way.

25       Defendant is entitled to summary judgment because the plaintiff has no evidence regarding

26  the type of signal allegedly intercepted.  Defendant is also entitled to summary judgment because

27  the plaintiff has no evidence of an interception, or that defendant authorized any piracy, controlled

1  the TV, or derived a financial benefit from it.  All of these reasons also demonstrate why the

2  plaintiff is not entitled to summary judgment.

3       Defendant is entitled to a complete summary judgment in his favor.  Alternatively, if

4  complete summary judgment is not granted defendant is entitled to partial summary judgment in

5  his favor regarding each and every one of plaintiff's individual counts (causes of action), and the

6  claims for enhanced statutory damages, punitive (exemplary) damages, restitution damages, its

7  claim for attorney's fees, and the duplicative recovery requested by plaintiff.  If any of plaintiff's

8  state law claims survive defendant's motion for summary judgment this Court should not continue

9  to exercise jurisdiction.

10       The basic facts of the case from defendant's perspective are summarized in the declaration

11  of defendant Peter Politis.  He describes Brix Pizza as a very small pizza establishment.

12  Declaration of Peter Politis at ¶2.  There is no liquor license and they only sell food and non-

13  alcoholic beverages.  *Id.*  With regard to the allege exhibition of the subject fight program Mr.

14  Politis also did not authorize any piracy, and relied upon the TV service provider to provide a

15  lawful signal.  *Id.*  Mr. Politis did not receive any financial benefit from the event being on TV, as

16  there was no increase in sales and it was not advertised to be shown at Brix Pizza.  *Id.*  Mr. Politis

17  had no reason to believe that they would be showing anything improper at Brix Pizza.  *Id.*

18                                          **II.**

19         **THE STANDARD ON A MOTION FOR SUMMARY JUDGMENT**

20       Federal Rules of Civil Procedure, Rule 56 provides in pertinent part as follows:

21
22       A party may move for summary judgment, identifying each claim or defense - or the part of
     each claim or defense--on which summary judgment is sought.  The court shall grant
     summary judgment if the movant shows that there is no genuine dispute as to any material
23       fact and the movant is entitled to judgment as a matter of law.

24  / / /

25  / / /

26  / / /

27

1                                       **III.**

2                                 **<u>ARGUMENT</u>**

3     A.     **Defendant is Entitled to Summary Judgment in His Favor, and the Plaintiff**

4            **Cannot Prevail on Summary Judgment Because There is no Evidence of the**

5            **Type of Signal**

6        It is very well established that 47 U.S.C. section 605 applies to satellite signals and 47

7 U.S.C. section 553 applies to cable signals.  There are literally hundreds of cases that state that rule

8 of law; just as a few, see e.g., *J & J Sports Productions, Inc. v. Man Thi Doan* (N.D. Cal. 2008)

9 WL 4911223; *J & J Sports Productions, Inc. v. Steve Sang Ro* (2010) U.S. Dist. LEXIS 21425,

10 citing *J & J Sports Productions, Inc. v. Manzano* (2008) U.S. Dist. LEXIS 84931, which states that

11 "a signal pirate violates section 553 if he intercepts a cable signal, he violates section 605 if he

12 intercepts a satellite broadcast.  But he cannot violate both by a single act of interception."  The 5th

13 Circuit Court of Appeals has also recently described the statutes as mutually exclusive.  *J & J*

14 *Sports Productions, Inc. v. Mandell Family Ventures, LLC*, 751 F.3d 346, 352-53 (5th Cir. 2014).

15        Because each of the relevant statutes apply to different types of signals it is necessary for

16 the plaintiff to establish the type of signal that was allegedly intercepted to prevail in its case.  For

17 example, the same plaintiff in another similar case was denied summary judgment when it failed to

18 present any competent evidence regarding "whether the boxing match was delivered via cable,

19 satellite, or otherwise." *J & J Sports Productions, Inc. v. Evolution Entertainment Group, LLC*,

20 2014 U.S. Dist. LEXIS 99446, at *2 (July 21, 2014 in the Eastern Dist. of Louisiana).  Another

21 case that illustrates the importance of the type of signal intercepted is *Joe Hand Promotions, Inc.*

22 *vs. Michael Cusi*, *et al.* 2014 U.S. Dist. LEXIS 66474 (May 14, 2014 in the Southern District of

23 California), in which the defendants were granted summary judgment in their favor when there

24 was no evidence of an interception of a cable or satellite signal and the discovery period was

25 complete.

26        As one more recent illustration of the legal significance of the type of signal (cable or

27 satellite for these TV signal piracy statutes) the plaintiff J & J Sports Productions, Inc. was

1    recently denied summary judgment where there was no evidence on the type of signal and the

2    court stated that "…Plaintiff's failure to establish the source of the signal used to play the program

3    at the restaurant precludes summary judgment on either signal piracy claim." *J & J Sports*

4    *Productions, Inc. vs. Ambrosio*, Case No.: 3:13-cv-01287-CAB-JMA, in the Southern District of

5    California, Document 29, page 8 of 10, filed on 1/12//15.

6         Just as in all of these cases cited, here too there is no evidence of the type of signal that was

7    used, and as a result the defendant is entitled to summary judgment, not the plaintiff.  See

8    plaintiff's responses to requests for admissions 2, 3, and 18 (attached as Exhibit B to the

9    Declaration of attorney Matthew A. Pare), responses to requests for production 14, 15, 16, 20, 32,

10   and 33 (attached as Exhibit D to the Declaration of attorney Matthew A. Pare), and responses to

11   interrogatory 14 (attached as Exhibit C to the Declaration of attorney Matthew A. Pare).

12        Here is the big picture.  The plaintiff has the burden of proof.  In order to establish a claim

13   for TV signal piracy under either of the applicable statutes there must be some evidence that it was

14   a cable signal or satellite signal.  The Court and no fact finder can assume that the signal was of a

15   particular type, especially when the plaintiff had the opportunity to conduct discovery and has no

16   evidence in this regard.  Without any supporting evidence regarding the method of transmission

17   and the type of signal intercepted, defendant is entitled to summary judgment in his favor.

18        **B.    Defendant is Entitled to Summary Judgment In His Favor and the Plaintiff**

19              **Cannot Prevail on Summary Judgment Because There was no Signal**

20              **Interception**

21        A fundamental required element necessary for plaintiffs to prove in TV signal piracy cases

22   is that there was an "interception."   *Premium Sports Inc. vs. Connell*, 2012 WL 691891 (S.D.N.Y.

23   March 1, 2012).  In *Premium Sports, Inc.* the court granted summary judgment in favor of

24   defendants due to plaintiff's failure to demonstrate that defendants actually "intercepted" the

25   program as required by the statute.  In that case defendants admitted using a Slingbox to obtain the

26   signal, and the court did not consider that an interception that would allow plaintiff to recover for

27   statutory signal piracy under 47 U.S.C. §605.  As the court stated, "[t]he critical and dispositive

1    legal point is that in order for there to be a violation of 47 U.S.C. § 605(a), there must be an

2    "interception" of a signal or transmission." *Id.* at *2.  In order to prevail on a §605 or §553 claim

3    the plaintiff must prove that defendants "intercepted" the signal; contrary to plaintiff's desires and

4    assertions otherwise, it is simply insufficient to prove that a TV program was received or

5    exhibited.

6        Other cases of TV signal piracy have supported the notion that an "interception" is a

7    required element.  See also, *Cablevision of Michigan, Inc. v. Sports Palace*, No. 93-1737, L994

8    U.S. App. LEXIS 13914, at. *11-13 (5th Cir. June 5, 1994) (videotaping something and then

9    showing it minutes later was not a violation because no interception); *Katz v. United States*, 389

10   U.S. 347, (1967); *Goldman v. United States*, 316 U.S. 129, 134 (1942); *That's Entmt. V.*

11   *Anciano's, Inc.*, No. 94 C 7199, 1996 WL 514989, at *1 (N.D. Ill. 1996); *Smith v. Cincinnati v.*

12   *Post & Times-Star*, 475 F.2d 740, 741 (6th Cir. 1973).  All of this authority suggests that in order

13   for there to be a statutory TV signal piracy violation there must be an interception of the signal, not

14   merely receiving or exhibiting the programming.  In this case plaintiff has no evidence of an

15   interception and therefore summary judgment must be granted in favor of defendant.  See

16   plaintiff's response to interrogatories 12, and 14 (attached as Exhibit C to the Declaration of

17   attorney Matthew A. Pare), response to request for production 40 (attached as Exhibit D to the

18   Declaration of attorney Matthew A. Pare), and requests for admissions 18 and 22 (attached as

19   Exhibit B to the Declaration of attorney Matthew A. Pare).

20       **C.    Defendant is Entitled to Summary Judgment in His Favor, and the Plaintiff**

21       **Cannot Prevail on Summary Judgment Because Defendant did Not Authorize**

22       **Any Piracy, Control the TV, or Derive a Benefit From It**

23       In order to hold defendants liable for a statutory violation of 47 U.S.C. section 605 and 47

24   U.S.C. section 553 (the federal TV signal piracy statutes), there are certain elements that the

25   plaintiff must prove.  This United States District Court for the Eastern District of California has

26   identified those elements in the case of *Joe Hand Promotions, Inc. vs. David Alvarado, et al.*, 2011

27   WL 1740536 (E.D. Cal.) to be as follows:

1    1. The defendant had control over the television at the time of the alleged signal piracy;

2    2. The defendant authorized the violation; and

3    3. The defendant derived a benefit from the alleged signal piracy.  *Id*. at *7.

4  Those elements were originally derived from the case of *J & J Sports Productions, Inc. v.*

5 *291 Bar & Lounge, LLC* (E.D.N.Y. 2009) 648 F.Supp.2d 469; see also *J & J Sports Productions,*

6 *Inc. v. Kevin Daley* (E.D.N.Y. 2007) U.S. Dist. LEXIS 49839.  This analysis is especially

7 applicable and helpful when analyzing questions or individual liability in TV signal piracy cases.

8 See e.g., *Joe Hand Promotions, Inc. v. Albright*, 2013 U.S. Dist. LEXIS 79268 (June 4, 2013 –

9 East. Dist. of CA) at *11.

10  In this present case, there is no evidence to suggest that plaintiff can establish these three

11 required elements against defendant.  The declaration of Peter Politis submitted herewith

12 demonstrates that he did not authorize piracy or derive a benefit from the exhibition.  Plaintiff's

13 discovery responses also confirm the lack of supporting evidence on these elements (attached to

14 the declaration of Attorney Matthew A. Pare).  See plaintiff's responses to requests for admissions

15 1, 14, 15, and 16 (attached as Exhibit B to the Declaration of attorney Matthew A. Pare), plaintiff's

16 responses to interrogatories 23, 24, and 25 (attached as Exhibit C to the Declaration of attorney

17 Matthew A. Pare), and responses to requests for production 6, 7, 25, 29, 30, and 31 (attached as

18 Exhibit D to the Declaration of attorney Matthew A. Pare)  Therefore, defendant is entitled to

19 summary judgment in his favor.

20  **D.**  **Defendant is Entitled to Summary Judgment in His Favor Regarding the**

21    **Conversion Claim of Plaintiff Because it is Dependent Upon the Other Federal**

22    **Claims which Fail and is Duplicative**

23  The analysis above focuses on the elements necessary to establish a case for statutory TV

24 signal piracy claims under 47 U.S.C. section 605 and 47 U.S.C. section 553.  Defendant is also

25 entitled to summary judgment in his favor regarding plaintiff's claim for conversion too.  Plaintiff

26 J & J Sports Productions, Inc.'s claim for conversion (count 3) against defendant herein is

27 predicated upon the alleged violations of 47 U.S.C. section 605 and 47 U.S.C. section 553, in that

1    plaintiff contends defendant's alleged statutory violations constituted a disposition of the subject

2    program in a manner inconsistent with plaintiff's rights in the program.  Inasmuch as defendant is

3    successful in his request for summary judgment in his favor regarding the alleged violations of 47

4    U.S.C. section 605 and 47 U.S.C. section 553, therefore, defendant is also entitled to a judgment in

5    his favor regarding plaintiff's claim for conversion.  See *J & J Sports Productions, Inc. v. Flores*,

6    2012 WL 6608915 (E.D. Cal., December 18, 2012, at *11) (granting summary judgment as to

7    plaintiff's conversion claim following defendants' successful summary judgment as to the

8    plaintiff's claims for statutory signal piracy); See also, *Joe Hand Promotions, Inc. v. Alvarado*,

9    2011 WL 1740536 at *8 (E.D.Cal., May 4, 2011) (also granting summary judgment in favor of

10   defendants as to plaintiff's same state law claims and noting that in the absence of the statutory

11   signal piracy claims there was no such claims).

12         Additionally, it is well established that in a television signal piracy case the plaintiff cannot

13   recover duplicative recovery for both conversion and violation of the federal TV signal piracy

14   statutes, it must be one or the other.  There is ample authority for that rule of law.  See e.g., *J & J*

15   *Sports Productions, Inc. v. Ferreyra* (2008) WL 4104315 at 1 ("Inasmuch as plaintiff seeks

16   statutory damages rather than actual damages, plaintiff's request for damages for conversion

17   should be denied.)  See also, *Garden City Boxing Club, Inc. v. Frezza* (2007) 476 F. Supp.2d 135,

18   140 (denying recovery for conversion on top of 47 U.S.C. §605 because it would be duplicative); *J*

19   *& J Sports Prods. v. Hernandez* (2010) U.S. Dist. LEXIS 48191 (stating that "an award for

20   conversion damages would be duplicative"); *Joe Hand Promotions, Inc. v. Dock Street Enters.*

21   *Inc.*, No. 11-1973, 2011 WL 6141058, at *5 n. 5 (D.Md., Dec. 8, 2011.);  *J & J Sports Prod., Inc.*

22   *v. J.R. 'Z Neighborhood Sports Grille, Inc.*, No. 9-3141, 2010 WL 1838432, at *2 (D.S.C. April 5,

23   2010); *J & J Sports Productions, Inc. vs. Romenski*, 845 F.Supp.2d 703 (2012).  These cases are

24   only some of the many more that could be cited for this particular rule of law.  While there are also

25   examples of default judgments granting such duplicative recovery under conversion and statutory

26   signal piracy claims, but those matters are distinguishable because they are default judgments and

27   this particular issue is not addressed specifically in such cases – the courts sometimes merely

1    award what the plaintiff is requesting in such circumstances.

2        In addition to the numerous examples of case law indicating that plaintiff cannot recover

3    for both conversation and statutory signal piracy, this idea is also supported by the statutory

4    language of 47 U.S.C. section 605 and 47 USC section 553 itself.  In particular, the statute under

5    47 U.S.C. section 605(e)(C)(i) indicates that "Damages awarded by any court under this section

6    shall be computed, at the election of the aggrieved party, in accordance with either of the following

7    subclauses. . ." (emphasis added) and then goes on to describe either "actual damages" or

8    "statutory damages."  47 USC section ( c)(3)(a) provides the same exact thing.  To allow the

9    plaintiff to recover for conversion damages on top of the statutory damages would effectively be

10   disregarding the notion of plaintiff making an election and allowing for duplicative recovery.

11       Finally, even if this Court were to not grant summary judgment in defendant's favor as to

12   the state law claim for conversion the Court should not continue to exercise jurisdiction over this

13   case.  The plaintiff's complaint invokes the Court's supplemental subject matter jurisdiction

14   under 28 U.S.C. section 1367 regarding the state law claims for conversion.  If the Court grants

15   summary judgment in favor of defendants regarding the federal counts (claims for violation of 47

16   U.S.C. section 605 and 47 U.S.C. section 553) but not regarding the one other state law claim

17   (although it should for the reasons provided herein above), the Court should not continue to

18   exercise supplemental jurisdiction over the remaining state law claims.  28 U.S.C. section

19   1367(c)(1)-(4).  When the federal claims have been dismissed from a lawsuit, the balance of

20   factors weigh in favor of declining supplemental jurisdiction over the remaining state law claims.

21   *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *United Mine Workers of America v.*

22   *Gibbs*, 383 U.S. 715 at 726 (1966).  Other TV signal piracy cases have also resulted in complete

23   dismissals when there are remaining state law claims in the federal court.  See, e.g., *J & J Sports*

24   *Productions, Inc. vs. Skinner, et al.*, Case No. 2:13-cv-00877-LKK-CKD, Document 45, Filed

25   5/28/14 in the Eastern District of California (dismissing the third-party complaint completely ); see

26   also, *Joe Hand Promotions, Inc. vs. Cusi, et al.*, Case No. 3:13-cv-00935-MMA-BLM, Document

27   48, Filed 5/14/14 in the Southern District of California (dismissing the plaintiff's complaint

1  completely).  Therefore, this Court should dismiss the plaintiff's complaint completely.

2      **E.**    **Defendant is Entitled to Summary Adjudication In His Favor, and the**

3      **Plaintiff Cannot Prevail on Summary Judgment as to**

4      **Plaintiff's Claim for Violation of California Business & Professions Code**

5      **§17200 and Plaintiff's Requests for Restitution Damages and Attorney's Fees**

6      **Related Thereto**

7      Pursuant to Section 17203, the only available remedy (other than an injunction) for a

8  Section 17200, et seq. claim is to "restore to any person in interest any money or property, real or

9  personal, which may have been acquired by means of such unfair competition."  In other words,

10  under section 17200 a plaintiff may recover only restitution.  See *Bronco Wine Company v. Frank*

11  *A. Logoluso Farms* (1989) 214 Cal.App.3d 699 (as cited in *Kingvision Pay-Per-View, Ltd. v.*

12  *Rivers* 2000 U.S. Dist. LEXIS 4338, p. 11.)  Here, plaintiff has no evidence of any money

13  whatsoever that was acquired by defendant by unfair competition (nor any money received

14  whatsoever specifically related to the alleged exhibition of this subject TV program), so there can

15  be no recovery by the plaintiff under that count.  As such, moving defendant is entitled to summary

16  adjudication in his favor on this claim, or at least specifically the request for restitution made

17  pursuant to this claim.

18      Also in conjunction with plaintiff's Section 17200 claim was a request for attorney's fees

19  pursuant to California Code of Civil Procedure §1021.5.  However, it is clear that plaintiff does

20  not meet the requirements under that section to warrant an award of attorney's fees.  In order to

21  justify an award of attorney's fees under that section, among other things there must be

22  enforcement of an important right affecting the public interest if and a significant benefit, whether

23  pecuniary or nonpecuniary, that has been conferred on the general public or a large class of

24  persons.  Here, it is obvious that the statutory requirements to justify an award of attorney's fees

25  under that section are not met by any stretch of the imagination given that at best the plaintiff J & J

26  Sports Productions, Inc. is merely trying to protect its own financial interests.  As such, moving

27  defendant is also entitled to summary adjudication specifically as to plaintiff's claim for the

1    recovery of attorney's fees pursuant to California Code of Civil Procedure §1021.5.

2         Therefore, this Court should grant partial summary judgment in defendant's favor as to

3    plaintiff's claim for violation of California Business & Professions Code section 17200, and

4    plaintiff's claim for attorney's fees related thereto.

5    **F.    The Court Should Grant Partial Summary Judgment in Favor of Defendant,**

6         **and the Plaintiff Cannot Prevail on Summary Judgment as to Plaintiff's**

7         **Claims for Enhanced Statutory Damages**

8         The primary statutes that the plaintiff J & J Sports Productions, Inc. is using to sue

9    defendants under in this case are 47 U.S.C. section 605 and 47 U.S.C. section 553, the federal TV

10   signal piracy statutes.  The relevant part of 47 U.S.C. section 605 regarding the types of damages

11   that the plaintiff can recover is as follows:

12

13   (i) Damages awarded by any court under this section shall be computed, at the election of
     the aggrieved party, in accordance with either of the following subclauses;

14        (I) the party aggrieved may recover the actual damages suffered by him as a result
          of the violation and any profits of the violator that are attributable to the violation

15        which are not taken into account in computing the actual damages; in determining
          the violator's profits, the party aggrieved shall be required to prove only the

16        violator's gross revenue, and the violator shall be required to prove his deductible
          expenses and the elements of profit attributable to factors other than the violation;

17        or

18        (II) the party aggrieved may recover an award of statutory damages for each
          violation of subsection (a) of this section involved in the action in a sum of not less

19        than $1,000 or more than $10,000, as the court considers just, and for each
          violation of paragraph (4) of this subsection involved in the action an aggrieved

20        party may recover statutory damages in a sum not less than $10,000, or more than

21        $100,000, as the court considers just.

22   (ii) In any case in which the court finds that the violation was committed willfully and for
     purposes of direct or indirect commercial advantage or private financial gain, the court in

23   its discretion may increase the award of damages, whether actual or statutory, by an amount
     of not more than $100,000 for each violation of subsection (a) of this section.

24   (iii) In any case where the court finds that the violator was not aware and had no reason to
     believe that his acts constituted a violation of this section, the court in its discretion may

25   reduce the award of damages to a sum of not less than $250.

26   47 U.S.C. section 605(e)(3)( C).

27        In other words, under this statutory scheme there is a normal range of statutory damages

1   from $1,000.00 to $10,000.00, and under extraordinary circumstances in both directions the

2   statutory damages can be reduced to $250.00, or increased over $10,000.00 up to $100,000.00.

3   The statutory damages above $10,000.00 is the "enhanced statutory damages."

4          The relevant part of the statute 47 U.S.C. section 553 is extremely similar and provides in

5   pertinent part as follows:

6

7          (A) Damages awarded by any court under this section shall be computed in accordance
           with either of the following clauses:

8                  (i) the party aggrieved may recover the actual damages suffered by him as a result
                   of the violation and any profits of the violator that are attributable to the violation

9                  which are not taken into account in computing the actual damages; in determining
                   the violator's profits, the party aggrieved shall be required to prove only the

10                 violator's gross revenue, and the violator shall be required to prove his deductible
                   expenses and the elements of profit attributable to factors other than the violation;

11                 or

12                 (ii) the party aggrieved may recover an award of statutory damages for all violations
                   involved in the action, in a sum of not less than $250 or more than $10,000 as the

13                 court considers just.

14         (B) In any case in which the court finds that the violation was committed willfully and for
           purposes of commercial advantage or private financial gain, the court in its discretion may

15         increase the award of damages, whether actual or statutory under subparagraph (A), by an
           amount of not more than $50,000.

16         (C) In any case where the court finds that the violator was not aware and had no reason to
           believe that his acts constituted a violation of this section, the court in its discretion may

17         reduce the award of damages to a sum of not less than $100.

18         47 U.S.C section 553(c)(3).

19         In other words, under this statutory scheme (very similar to the other statute) there is a

20   normal range of statutory damages from $250.00 to $10,000.00, and under extraordinary

21   circumstances in both directions the statutory damages can be reduced to $100.00, or increased

22   over $10,000.00 up to $50,000.00.  The statutory damages above $10,000.00 is the "enhanced

23   statutory damages."  Although the amounts under 47 U.S.C. section 553 are different than 47

24   U.S.C. section 605, in concept it is the same logic that under extraordinary circumstances the

25   plaintiff could recover enhanced statutory damages over $10,000.00.

26         In this case the Court should grant partial summary judgment as to plaintiff's claims for

27   enhanced statutory damages.  Again, the specific parts of these statutes that identify the

1  requirements for enhanced statutory damages under the federal TV signal piracy laws are as

2  follows:

3      47 U.S.C. 605(e)(c)(ii) provides as follows:

4
    In any case in which the court finds that the violation was committed willfully and for
5   purposes of direct or indirect commercial advantage or private financial gain, the court in
    its discretion may increase the award of damages, whether actual or statutory, by an amount
6   of not more than $100,000 for each violation of subsection (a) of this section.

7      47 U.S.C. §553(c)(3)(B) provides as follows:

8
    In any case in which the court finds that the violation was committed willfully and for
9   purposes of commercial advantage or private financial gain, the court in its discretion may
    increase the award of damages, whether actual or statutory under subparagraph (A), by an
10  amount of not more than $50,000.

11     In this case, there is simply no evidence that defendant committed a "willful" violation of

12 either of these statutes for the purpose of commercial advantage or private financial gain, and thus

13 plaintiff J & J Sports Productions, Inc. is not entitled to recover those enhanced statutory damages.

14 See the Declaration of defendant Peter Politis indicating that there was no advertisement, no cover

15 charge, defendant is not a repeat offender, he did not know he was doing anything improper, and

16 did not gain from the exhibition.  See also, plaintiff's response to request for admission number 9

17 regarding not a repeat offender, 10 and 11 regarding not a willful violation, 21 regarding enhanced

18 statutory damages (attached as Exhibit B to the Declaration of attorney Matthew A. Pare),

19 plaintiff's response to requests for production 17, 18, and 19 regarding enhanced statutory

20 damages and punitive damages, 42 regarding not a repeat offender (attached as Exhibit D to the

21 declaration of attorney Matthew A. Pare), and response to interrogatory number 15 regarding

22 enhanced statutory damages and punitive damages (attached as Exhibit C to the Declaration of

23 attorney Matthew A. Pare).

24     The term "willfully" indicates a certain mindset or *mens rea*.  In other words, it must have

25 been done intentionally (or on purpose) in order to justify an award of enhanced statutory damages.

26 And in addition to being willful, the statute also requires that it be for commercial gain.  In the

27 present case, as the evidence reveals, there is simply no supporting evidence of any kind to

1    indicate that defendants committed a "willful" violation in this case to justify an award of

2    enhanced statutory damages.  There is also no evidence of a commercial advantage or financial

3    gain.

4         The statutory language makes clear that only certain cases of alleged TV signal piracy

5    justify an award of enhanced statutory damages, not all cases, and thus in order to give meaning to

6    the statutory language itself there cannot be enhanced damages in a case like this where there is no

7    justification.  It is anticipated that the plaintiff may suggest that signals do not descramble

8    spontaneously, but that type of approach for determining if there is a willful violation is contrary to

9    the statutory language itself because that approach would mean every case of alleged TV signal

10   piracy is willful and clearly the statute contemplates that only the more severe cases are willful to

11   justify the enhanced statutory damages.

12        Therefore, this Court should at least grant partial summary judgment in defendant's favor

13   as to plaintiff's claims for enhanced statutory damages under the federal TV signal piracy statutes.

14   **G.     The Court Should Grant Partial Summary Judgment in Favor of Defendant,**

15           **and the Plaintiff Cannot Prevail on Summary Judgment as to Plaintiff's Claim**

16           **for Punitive Damages**

17        California Civil Code section 3294 is the applicable state law regarding punitive damages

18   in California.  Although the plaintiff did not specifically cite this statute in requesting exemplary

19   and punitive damages, this is the authority that potentially would authorize such damages.  It

20   provides in pertinent part as follows:

21           In an action for the breach of an obligation not arising from contract, where it is proven by
22           clear and convincing evidence that the defendant has been guilty of oppression, fraud, or
             malice, the plaintiff, in addition to the actual damages, may recover damages for the sake
23           of example and by way of punishing the defendant.  California Civil Code section 3294(a).

24   The statute goes on to define oppression, fraud, and malice as follows:

25           (1) "Malice" means conduct which is intended by the defendant to cause injury to the
26           plaintiff or despicable conduct which is carried on by the defendant with a willful and
             conscious disregard of the rights or safety of others.
27           (2) "Oppression" means despicable conduct that subjects a person to cruel and unjust

hardship in conscious disregard of that person's rights.

(3) "Fraud" means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury.

In this case, particularly given the above-described standards, there is no evidence to support plaintiff's claim for punitive or exemplary damages, and thus partial summary judgment as to that request for damages is appropriate.  See the Declaration of defendant Peter Politis.  See also, plaintiff's response to request for admission number 9 regarding not a repeat offender, 10 and 11 regarding not a willful violation, 21 regarding enhanced statutory damages (attached to the Declaration of attorney Matthew A. Pare as Exhibit B), plaintiff's response to requests for production 17, 18, and 19 regarding enhanced statutory damages and punitive damages, 42 regarding not a repeat offender (attached to the Declaration of attorney Matthew A. Pare as Exhibit D), and response to interrogatory number 15 regarding enhanced statutory damages (attached to the Declaration of attorney Matthew A. Pare as Exhibit C).  Therefore, this Court should at least grant partial summary judgment in defendant's favor as to plaintiff's claim for punitive damages.

**H.     The Plaintiff Cannot Recover the Duplicative Recovery it Has Pled and Prayed for and Thus the Court Should Grant Partial Summary Judgment in Favor of Defendant in that Regard**

**1.     The Plaintiff Cannot Recover for Both Violation of 47 U.S.C. section 605 and 47 U.S.C. section 553**

Overwhelming authority supports the proposition that plaintiffs cannot recover under both of these sections in the same case.  See e.g., *Cablevision v. Skyes* (2nd Cir. 1993) 997 F.2d 998; *Universal Sports Network, Inc. v. Jiminez* (N.D. Cal. 2002) WL 31109707; *Kingvision Pay Per View v. Ortega* (N.D. Cal. 2002) WL 31855367; *Kingvision Pay-Per-View v. Guzman* (N.D. Cal. 2009) WL 1475722; *Joe Hand Promotions, Inv. v. Pete* (N.D. Cal. 1999) WL 638215; *Don King Prods. v. Maldonado* (N.D. Cal. 1996) WL 682006; *Joe Hand Promotions, Inc. v. Dailey* (N.D. Cal. 2003) WL 1342998; *Kingvision Pay-Per-View, Ltd. v. Backman* (N.D. Cal. 2000) 102 F.Supp.2d 1196, 1197.  These cases are only some of the many, many more that could be cited for

1    this particular rule of law.  Indeed, many practitioners in this area of law will acknowledge in their

2    pleadings (i.e. complaint) that the plaintiff can only recover for one of those sections, not both, but

3    some discovery is necessary in order to ascertain what is the appropriate section.

4         It is well established that a defendant violates 47 U.S.C §553 if he intercepts a cable signal,

5    and he violates 47 U.S.C. §605 if he intercepts a satellite broadcast.  See e.g., *J & J Sports*

6    *Productions, Inc. v. Man Thi Doan* (N.D. Cal. 2008) WL 4911223; *J & J Sports Productions, Inc.*

7    *v. Steve Sang Ro* (2010) U.S. Dist. LEXIS 21425, citing *J & J Sports Productions, Inc. v. Manzano*

8    (2008) U.S. Dist. LEXIS 84931, which states that "a signal pirate violates section 553 if he

9    intercepts a cable signal, he violates section 605 if he intercepts a satellite broadcast.  But he

10   cannot violate both by a single act of interception."  Therefore, the simple reason that a defendant

11   cannot be liable for both sections at once is because these two laws apply to different types of

12   signals (satellite versus cable).

13        In conclusion, defendant respectfully requests a legal ruling that the plaintiff in this instant

14   matter can at best only recover under either 47 U.S.C. section 605 or 47 U.S.C. section 553, not

15   both.

16                                          **IV.**

17   **IF THE COURT IS INCLINED TO GRANT SUMMARY JUDGMENT IN FAVOR OF**

18        **PLAINTIFF, INCLUDING DAMAGES, VERY MINIMAL DAMAGES ARE**

19                          **APPROPRIATE IN THIS CASE**

20        In the unlikely event that this Court is inclined to grant summary judgment in favor of

21   plaintiff, including damages at this point, for the reasons articulated herein below very minimal

22   damages are appropriate.

23        There are thousands of TV signal piracy cases in the federal court system and for every

24   possible case that the plaintiff can point to that awarded large damages, it is also possible to find a

25   case that awarded tiny damages.  In other words, it is easy to cherry-pick some cases that might

26   give the impression that it is normal to award a large amount in TV signal piracy cases, but that

27   would be misleading.  It is also possible to show very minimal awards even in default judgment

1   cases that would demonstrate the opposite.  For example, the following TV signal piracy cases

2   resulted in statutory damages of only $250.00:  *J & J Sports Productions, Inc. v. Felipe Cruz*

3   *Manzano*, U.S. Dist. LEXIS 84931 (N.D. Cal. 2008); *J & J Sports Productions, Inc. v. Steve Sang*

4   *Ro*, U.S. Dist. LEXIS 21425 (N.D.  Cal. 2010), *J & J Sports Productions, Inc. v. Aviles*, 2011 WL

5   1884617 *3 (N.D. Cal. May 18, 2011).  Here are three examples of judgments only slightly higher

6   from the Central District of California:  Case No. CV 09-05411 WDK (FMOx) *J & J Sports*

7   *Productions, Inc. v. Joel Ramirez* – Judgment for $1,600.00 in total damages; Case No. CV 09-

8   5408 WDK (FMOx) *J & J Sports Productions, Inc. v. Graciela V. Garcia, et al*. – Judgment for

9   $1,800.00 in total damages; Case No. CV 09-04756 WDK (Ex) – *Joe Hand Promotions, Inc. v.*

10  *Cressler and Sanders Entertainment Group, LLC* – Judgment for $875.00 in total damages.  There

11  is nothing about this present case that is significantly different than any of those cases and

12  therefore a relatively minimal award of damages is appropriate, if anything.  It would be a severe

13  miscarriage of justice for one person to essentially receive a fine of a few hundred dollars and

14  someone else who did essentially the same exact thing has a judgment against them for tens of

15  thousands of dollars.  There must be some consistency.

16          Under the applicable law, the damages can be enhanced in a signal piracy case if the

17  violation was committed willfully and for the purpose of commercial advantage or private

18  financial gain.  However, "the mere assertion that defendants acted willfully is insufficient to

19  justify enhanced damages."  *Kingvision Pay-Per-View, Ltd. v. Backman*,102 F.Supp.2d 1196, 1198

20  (N.D. Cal. 2000).  The following explanation is instructive:

21

22          To establish significant commercial advantage or private financial gain, a plaintiff must
            allege something more than the mere airing of a pirated program, such as engaging in
23          promotional advertising, imposing a cover charge, or charging a premium for food or
            drinks.  The size of the audience, the establishment, or both is also relevant to the measure
24          of enhanced damages, as is whether the customers are present primarily to watch the
            broadcast or have come for another purpose while the program is being aired.  *Integrated*
25          *Sports Media, Inc. v. Naranjo*, 2010 U.S. Dist. LEXIS 81264, at *10-11 (E.D. Cal. Aug.
            11, 2010) (internal quotation marks and citation omitted), citing *Backman*, 102 F.Supp.2d
26          at 1198.

27

1    Many courts consider the number and size of televisions upon which the pirated program

2    was broadcast.  *Id.*  Additionally, the pirating history of the defendant is a factor, and damages may

3    be enhanced for repeated offenses.  See e.g., *Joe Hand Promotions v. Gamino*, 2011 U.S. Dist.

4    LEXIS 1960, at *9 (E.D. Cal. Jan. 10, 2011); *J & & Sports Productions, Inc. v. Ferreyra*, 2010

5    U.S. Dist. LEXIS, at *11-12 (E.D. Cal. Mar 9, 2010); *Saddeldin*, 2010 U.S. Dist. LEXIS 77585, at

6    *8.

7    Recently many courts have found that an award of the statutory minimum is appropriate

8    where the defendant is not a repeat offender.  See e.g., *Joe Hand Promotions v. Brown*, 2010 U.S.

9    Dist LEXIS 119435 (E.D. Cal. Oct. 27, 2010) (awarding $1,000.00 in statutory damages and

10   $3,000.00 in enhanced damages where there were 13-17 patrons present, the program was

11   broadcast on six 60-inch televisions, and there was no premium for food or drink); *Naranjo*, 2010

12   U.S. Dist. LEXIS 81264 (awarding $1,000.00 in statutory damages without enhanced damages

13   where the capacity of the restaurant was forty, the number present ranged from 12 to 20, no

14   admission fee was charged, and the program was displayed on a single television.)

15   As a general rule, allegations regarding the amount of damages must be proven.  *Pope*, 323

16   U.S. at 22; *Geddes*, 559 F.2d at 560.  In the context of this type of case, courts often require

17   evidence of commercial advantage resulting from the piracy.  Absent evidence of commercial

18   advantage or financial gain, the district courts have awarded the statutory minimum where the

19   defendants were not repeat offenders.  See e.g., *Backman*, 102 F.Supp.2d at 1198-99 ("An

20   establishment that does not promote itself by advertising the program, does not assess a cover

21   charge, and does not charge a special premium for food and drinks hardly seems like the willful

22   perpetrators envisioned by the statute's framers.")  *Brown*, 2010 U.S. Dist. LEXIX 119435;

23   *Naranjo*, 2010 U.S. Dist. LEXIS 81264; *Garden City Boxing Club, Inc. v. Nguyen*, 2005 U.S. Dist

24   LEXIS 29886, at *12 (E.D. Cal. Nov. 28, 2005) (awarding the statutory minimum and finding "no

25   evidence of significant commercial advantage or private financial gain" where the defendant did

26   not advertise or charge admission, and ten customers were present); *J & J Sports Productions v.*

27   *Miranda*, 2009 U.S. Dist. LEXIS 112415, at *3-4 (N.D. Cal. Nov. 16, 2009) (awarding $1,000.00

1   in statutory damages for where the court found "no evidence that the violation occurred multiple

2   times, that the establishment intended to directly profit from the violation, or that it actually

3   profited from the violation."); *J & J Sports Productions v. Hernandezsilva*, 2010 U.S. Dist. LEXIS

4   96891 (S.D. Cal. Sept. 15, 2010) (awarding $1,000.00 because "Plaintiff does not allege repeated

5   violations, does not claim that defendants advertised the event, and offers only conclusory

6   statements in support of its contentions that defendants realized financial gain from showing the

7   program.")

8          Generally, when determining the total damages to be awarded for signal piracy, "the

9   principle of proportionality governs." *Backman*, 102 F.Supp.2d at 1198.  Under this principle,

10  "distributors should not be overcompensated and statutory awards should be proportional to the

11  violation."  *Id*.  As observed in *Streshly*, defendants "may be the Blackbeard of pirates, but

12  plaintiff makes no attempt to portray them as such, and to the contrary, the act of piracy attributed

13  to defendants is as routine as they come…"  *Streshly*, 655 F.Supp.2d at 1139 (S.D. Cal. 2009).  In

14  that case the court noted that plaintiff's request for damages was "ostensibly disproportionate."  *Id*.

15         One way that courts have calculated damages in TV signal piracy cases is the "per person"

16  valuation method and capped at approximately $50.00 per person or a similarly modest sum.  *J &

17  J Productions, Inc. v. Guzman* (E.D.N.Y. 2008) 553 F.Supp.2d 195, 198-199.  In numerous default

18  judgment actions involving violations of 47 U.S.C. § 605, courts have awarded damages of

19  approximately $55 per patron.  See, e.g., *J & J Sports Productions, Inc. v. Aguilera*, No. 09–cv–

20  4719, 2010 WL 2362189, at *2 (N.D. Ill. June 11, 2010); *J & J Sports Production, Inc. v. Ramirez*,

21  No. 08 C 3354, Minute Order at 1–2 (N.D.Ill. Sept. 18, 2008); *Joe Hand Promotions, Inc. v. SCK

22  Management Servs., LLC*, No. 12–cv–590 (W.D.Wis. Jan. 9, 2013); *Joe Hand Promotions, Inc. v.

23  Dewey's Roadhouse*, LLC, No. 11–cv–486–wmc (W.D.Wis. Mar. 21, 2012); *J & J Sports Prod.,

24  Inc. v. Montero*, No. 10–cv–757–wmc (W .D.Wis. Mar. 16, 2011); *J & J Sports Prod., Inc. v.

25  Sunsets On Sand, LLP*, No. 10–cv–12–wmc (W.D.Wis. July 7, 2010); *Joe Hand Promotions, Inc.

26  v. L. A. Moon LLC*, 2013 WL 633572 (W.D. Wis. Feb. 20, 2013).

27  ///

1      Recently, this very court, the U.S. District Court for the Central District of California has

2  awarded damages in TV signal piracy claims (even in a default judgment context) equal to the

3  license fee that should have been paid, such as $600.00 in the case of *G & G Closed Circuit*

4  *Events, LLC vs. Buzo*, Case No. 2:13-cv-07681-WDK-JC, Doc. 38, Filed 9/15/14.  Also, this Court

5  has determined that an appropriate amount for punitive damages if warranted by the facts is at

6  most three times the actual damages, similar to other federal laws giving treble damages, such as

7  15 USC 15 for antitrust, 18 USC 1964(c) for racketeer influence and corrupt organizations act, 18

8  USC 2318 for trafficking counterfeit labels, and 35 USC 284 for patent infringement.  See, *J & J*

9  *Sports Productions, Inc. vs. Modica*, Case No. 2:13-cv-03710-WDK-PLA, Document 29, Filed

10  10/3/2014.

11      The basic facts of this case are provided in the affidavit of Peter Politis.  For all of these

12  reasons, very minimal damages are appropriate, if anything at all.  Assuming that there is liability,

13  the statutory minimum would be appropriate in this case because defendant was not aware and had

14  no reason to believe that his acts constituted a violation of this section.

15                                **V.**

16                         **<u>CONCLUSION</u>**

17      For all of the reasons discussed above, this Court should grant summary judgment in favor

18  of defendant, not in favor of the plaintiff.

19      Respectfully submitted.

20  DATED: August 24, 2015               LAW OFFICE OF MATTHEW PARE, APC

21

22                            By:     /s/ Matthew A. Paré

                                  _____

23                                Matthew A. Paré, Esquire

                              Counsel for Defendant

24

25

26

27

28

1  Matthew A. Paré, Esq., California State Bar No.: 258434
   **LAW OFFICE OF MATTHEW PARE, APC**
2  823 Anchorage Place, Suite 101
   Chula Vista, CA 91914
3  Phone: (619) 869-4999
   Fax: (619) 754-4581
4  e-mail: mattparelawca@gmail.com

5

6                    **CERTIFICATE OF SERVICE**

7
        I hereby certify that on August 24, 2015, I electronically filed the foregoing with the Clerk
8
   of the Court using the ECF System which sent notification of such filing to the following:
9
   Thomas P. Riley, Esq., State Bar No.: 194706
10 **LAW OFFICES OF THOMAS P. RILEY, P.C.**
   First Library Square
11 1114 Fremont Avenue
   South Pasadena, CA 91030-3227
12 Phone: (626) 799-9797
   Fax: (626) 799-9795
13 e-mail: TPRLAW@att.net

14
   Matthew A. Paré, Esq., California State Bar No.: 258434
15 **LAW OFFICE OF MATTHEW PARE, APC**
   823 Anchorage Place, Suite 101
16 Chula Vista, CA 91914
   Phone: (619) 869-4999
17 Fax: (619) 754-4581
   e-mail: mattparelawca@gmail.com
18
                              By:      /s/ Matthew A. Paré
19                                   _____
                                     Matthew A. Paré, Esquire
20

21

22

23

24

25

26

27

28

---

*Opposition to Plaintiff's Motion for Summary Judgment*                                    21